# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David J. Karnes
Tara M. Smalstig
Michael G. Foley
Dennis, Wenger & Abrell P.C.
Muncie, Indiana

ATTORNEY FOR APPELLEE

Jill A. Gonzalez
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Paternity of R.S. (Minor Child):

K.B.,

*Appellant-Petitioner,*

v.

J.S.,

*Appellee-Respondent.*

August 14, 2019

Court of Appeals Case No. 19A-JP-450

Appeal from the Jay Circuit Court

The Honorable Bob A. Witham, Special Judge

Trial Court Cause No. 38C01-1806-JP-20

**Bailey, Judge.**

# Case Summary

An Ohio court issued a custody order concerning R.S. ("Child"), the daughter of K.B. ("Mother") and J.S. ("Father"). Mother later petitioned to modify custody. An Indiana court denied the petition without reaching the merits, determining it lacked authority to modify the Ohio order. Mother now appeals.

We reverse and remand.

# Facts and Procedural History

In 2016, an Ohio court entered a custody order concerning Child, making Mother the primary physical custodian. The order incorporated a Shared Parenting Plan with the following provision: "If Mother moves outside of Warrick County, Indiana, then Father shall be the primary caregiver." App. Vol. 2 at 19. In 2018, Mother moved to transfer the case to Jay County, averring that Mother and Father lived in Indiana and Child had lived in Indiana for more than six months preceding the motion. Mother also filed notice of her intent to relocate to Atlanta. Father objected, asserting that—pursuant to the Ohio order—if Mother relocated, he would become the primary physical custodian. Mother then petitioned to modify the custody order. Father filed an objection. Father also filed a document captioned Verified Petition to Enforce the Court Order and Verified Petition for Contempt in which he acknowledged the Indiana court "obtained jurisdiction" over the matter. *Id.* at 52. The court later held an evidentiary hearing on the petition to

modify custody. In its ensuing order, the court denied the petition, concluding it was "without authority to modify the Order of the Ohio Court with respect to the issue of any move by Petitioner outside of Warrick County, Indiana." *Id.* at 6. Mother then filed a motion to correct error, which the trial court denied.

[4] Mother now appeals.

# Discussion and Decision

[5] "We typically review a trial court's ruling on a motion to correct error for an abuse of discretion." *State v. Reinhart*, 112 N.E.3d 705, 709-10 (Ind. 2018). To the extent the ruling rests on a question of law, our review is *de novo*. *See id.* Here, the underlying ruling was the denial of a petition to modify custody, with the trial court concluding it lacked authority to modify an out-of-state order.

[6] The Uniform Child Custody Jurisdiction Act ("UCCJA") applies to custody matters with interstate dimension. *See* Ind. Code art. 31-21. "A decision to retain or relinquish jurisdiction under the UCCJA is reviewed for an abuse of discretion," which "occurs when the trial court's decision is clearly against the logic and effect of the circumstances before it, or if the court has misinterpreted the law." *Hays v. Hockett*, 94 N.E.3d 300, 304 (Ind. Ct. App. 2018), *trans. denied*.

[7] In the absence of emergency circumstances, an Indiana court has authority to modify a custody order from a sister state if (1) "an Indiana court has jurisdiction to make an initial determination" as provided in Indiana Code Section 31-21-5-1, and (2) "an Indiana court or a court of the other state

determines that: (A) the child; the child's parents; and (C) any person acting as a parent; do not presently reside in the other state." I.C. § 31-21-5-3. A court may make an initial determination if "Indiana is the home state of the child on the date of the commencement of the proceeding." I.C. § 31-21-5-1. The home state of the child is "the state in which a child lived with: (1) a parent; or (2) a person acting as a parent; for at least six (6) consecutive months immediately before the commencement of a child custody proceeding." I.C. § 31-21-2-8.

[8] At the evidentiary hearing, it was undisputed Mother, Father, and Child resided in Indiana—not Ohio. It was also undisputed Child lived in Indiana with Mother for the pertinent time period. Indeed, part of the hearing focused on custody exchanges taking place "since 2016" between Mother's residence in Newburgh and Father's residence in Dunkirk. Tr. at 29. Moreover, we note Father does not directly dispute the court's authority to reach the merits of the petition. He does not cite to the UCCJA, and he makes no attempt to dispute that Mother, Father, and Child lived in Indiana at times pertinent to provisions of the UCCJA. Father instead asserts the court "had discretion to rule as [it] did." Br. of Appellee at 8. He argues Mother should have appealed the Ohio order, and he discusses issues bearing on the merits of Mother's petition.

[9] We conclude the court had authority to modify the Ohio custody order, and it erred as a matter of law by denying the petition for lack of authority. We reverse and remand for consideration of the petition and a ruling on its merits.

Reversed and remanded.

Najam, J., and May, J., concur.